## 19858

Margaret MADDEN, Respondent, v. GREENVILLE GENERAL HOSPITAL, and State Workmen's Compensation Fund, Appellants.

(207 S. E. (2d) 81)

*Messrs. Daniel R. McLeod, Atty. Gen., Richard B. Kale, Jr. and Hardwick Stuart, Jr., Asst. Attys. Gen.,* of Columbia, *for Appellant,*

*Messrs. Griffin & Howard and Abrams, Bowen, Hagins & Robertson,* of Greenville, *for Respondent,* ▮▮▮▮

July 15, 1974.

LEWIS, Justice:

Respondent sustained an injury to her back while about the duties of her employment with the Greenville General Hospital, and the Industrial Commission subsequently awarded her benefits under the Workmen's Compensation Act for temporary total disability. This appeal is from an order of the lower court affirming the award of the Commission.

The award of the Commission was based upon the factual findings that respondent was totally disabled at the time of the hearing from an injury to her back, sustained while pushing a cart in the performance of the duties of her employment. The sole question for decision is whether there

was any competent evidence to sustain the foregoing findings by the Commission. If there was, it is well settled that such factual findings are conclusive on appeal.

Appellants' only contention is that the medical testimony conclusively shows that respondent was not totally disabled, but was able to return to work. They rely upon the testimony of an orthopedic surgeon to the effect that respondent was able to return to her normal duties. The foregoing contention of appellants completely disregards the testimony of Dr. Sims, a chiropractor, who had examined and treated respondent for some time. His testimony was introduced without objection and no exception challenges its probative value.

Dr. Sims testified that respondent had a subluxation of the spine just below the neck, which resulted, in his opinion, from a strain to the back. He further testified that this condition caused respondent pain and that he had advised her against returning to work until the back has shown further improvement.

The medical testimony therefore presented two entirely different views of the extent of respondent's injury and resulting disability—one that she was totally disabled at the time of the hearing and the other that she was able to return to work. The weight to be accorded the respective opinions of the experts was for the Industrial Commission to determine.

In addition, respondent testified that she hurt her back while at work on May 19, 1972; that the pain occurred suddenly and had continued since the initial attack; that she worked intermittently until September 29th, at which time she was discharged because of absenteeism; that the pain was disabling, making it impossible for her to perform any work; and that she had suffered no previous back trouble.

There is competent evidence to support the award of the Commission, and the judgement is accordingly affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.